UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-305(DSD/LIB)

United States of America,

    Plaintiff,

v.                                                   **ORDER**

James Robert Carlson(1),
Lava Marie Haugen (2),
Joseph James Gellerman(3),

    Defendants.

This matter is before the court upon the objections by defendants James Robert Carlson, Lava Marie Haugen and Joseph James Gellerman to the July 25, 2013, report and recommendation of Magistrate Judge Leo I. Brisbois. Defendants object to the magistrate judge's recommendation that the court deny several pretrial motions to suppress evidence and to dismiss counts of the Superseding Indictment.[1] After a de novo review of the file, record and proceedings herein, the court overrules the objections.

**DISCUSSION**

The background of this order is fully set forth in the magistrate judge's report and recommendation. The court reviews

---

[1] In his objection, Carlson also argues that he should be permitted to argue that he lacked scienter based on (1) his alleged confusion on the effective date of legislation and (2) alleged entrapment by estoppel. Such arguments are not properly before the court, as they are non-responsive to any of the magistrate judge's recommendations.

the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C).

## I. Entrapment by Estoppel

Defendants first argue that the magistrate judge erred in recommending denial of the motions to dismiss the Superseding Indictment for entrapment by estoppel. "Entrapment by estoppel arises when a government official tells a defendant that certain conduct is legal, and the defendant commits what otherwise would be a crime in reasonable reliance on the official representation." United States v. Parker, 267 F.3d 839, 844 (8th Cir. 2001) (citation omitted). After a de novo review, the court determines that the magistrate judge's report and recommendation correctly disposes of this motion, as the defendants were never personally informed that their conduct was legal. Moreover, any claimed reliance on public statements was not reasonable. As a result, the objections based on entrapment by estoppel are overruled.

## II. Congressional Review Act

Defendants next object to the recommendation that the court deny the motions to dismiss premised on an alleged violation of the Congressional Review Act (CRA). Specifically, defendants argue that the Drug Enforcement Agency (DEA) did not comply with the CRA when it issued a Final Order temporarily scheduling the substances at issue. The magistrate judge disagreed, finding that the determination was not subject to judicial review and, even if it

2

was reviewable, (1) the DEA was not required to comply with the CRA because it scheduled the substances by "order" rather than by "rule" and (2) the order fell within the good cause exception of § 808(2) of the CRA. After a de novo review, the court agrees with the magistrate judge's analysis and determines that the report and recommendation correctly disposes of this motion. As a result, the objections based on alleged violations of the CRA are overruled.

**III. Vagueness**

Defendants also argue that the magistrate judge erred in recommending that the court deny the motions to dismiss the Superseding Indictment based on the argument that the Controlled Substances Analogue Enforcement Act is unconstitutionally vague. After a de novo review, the court determines that the magistrate judge correctly relied on Eighth Circuit precedent in recommending denial of the motions. See United States v. Washam, 312 F.3d 926, 930 (8th Cir. 2002) ("[T]he Analogue Statute is not vague ... because a person of ordinary intelligence would have reasonably known that selling [the analogue] for human consumption violated the statute." (citation omitted)); United States v. McKinney, 79 F.3d 105, 108 (8th Cir. 1996) (finding application of analogue statute not unconstitutionally vague, as it "gave [defendant] adequate warning that [his conduct] was a criminal offense" (alterations in original) (citation omitted)), vacated on other

grounds 520 U.S. 1226 (1997). As a result, the objections based on vagueness grounds are overruled.

**IV.	Delegation of Authority**

Defendants next argue that the magistrate judge incorrectly recommended denial of their motions to dismiss for improper delegation of authority. Specifically, defendants argue that the Secretary of Health - not the DEA - should be tasked with determining analogues of controlled substances. Defendants cite no authority for the proposition that the DEA is improperly exercising legislative authority. Indeed, many other courts have rejected similar arguments. See, e.g., Touby v. United States, 500 U.S. 160, 167-68 (1991). After a de novo review, the court determines that the magistrate judge correctly rejected this argument. As a result, the objections based on improper delegation of authority are overruled.

**V.	Federal Food, Drug, and Cosmetic Act**

Defendants argue that the magistrate judge erred in recommending that the court deny the motions to dismiss all counts relating to the Federal Food, Drug, and Cosmetic Act (FDCA). Specifically, defendants argue that they cannot be liable for misbranding, as they were legally obligated to label their products "Not for Human Consumption." Moreover, the defendants argue that the FDA statutes and regulations are unconstitutionally vague, and that they were never provided with FDA warning letters. The

4

magistrate judge disagreed, finding that the warning letters were not a prerequisite to prosecution, that the statutes were not unconstitutionally vague and that the labeling did not provide a safe harbor from prosecution. See United States v. Sullivan, 714 F.3d 1104, 1107 (8th Cir. 2013) ("A label indicating a substance is not for human consumption is not dispositive evidence of the distributor's intent." (citation omitted)).  After a de novo review, the court determines that the magistrate judge correctly disposed of these motions.  As a result, the objections to the FDCA-related motions are overruled.

**VI.  Haugen's Statements to Law Enforcement**

Haugen also argues that the magistrate judge erred in recommending denial of her motion to suppress statements she made to law enforcement officers.  Specifically, Haugen argues that the statements at issue were the product of a custodial interrogation not preceded by Miranda warnings.  After a de novo review, the court determines that the magistrate judge correctly concluded that Haugen was not in custody at the time the statements were made, and that suppression of the statements is not warranted.  See United States v. Griffin, 922 F.2d 1343, 1349 (8th Cir. 1990) (outlining factors relevant to determining whether suspect was in custody). As a result, the objection is overruled.

5

**VII. Other Objections**

Finally, defendants argue that the magistrate judge erred in rejecting their arguments (1) concerning the effective date of the Synthetic Drug Abuse Prevention Act of 2012, (2) that they are being held vicariously liable for crimes committed by their customers, (3) that the DEA failed to comply with 21 U.S.C. § 811(h) when temporarily scheduling the substances at issue, (4) that the DEA has a conflict of interest in interpreting and enforcing the laws and (5) that prosecution of the defendants is fundamentally unfair. After a de novo review, the court concludes that the magistrate judge correctly disposed of each of these arguments. As a result, the objections are overruled.

In sum, after a de novo review of the file, record and proceedings herein, the court finds that the report and recommendation of the magistrate judge is thorough, well-reasoned and correctly disposes of each of the defendants' motions. As a result, the objections are overruled and the report and recommendation is adopted in its entirety.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The objections to the report and recommendation [ECF Nos. 240, 242, 243] are overruled;

2. The report and recommendation [ECF No. 226] is adopted in its entirety;

3. The motions to suppress [ECF Nos. 94, 95, 106, 120] are denied; and

4. The motions to dismiss counts of the Superseding Indictment [ECF Nos. 96, 103, 105, 122, 124, 125, 127, 129, 131, 133, 135, 152, 156, 158, 160, 162, 164, 166, 169, 174, 175, 176, 177, 178, 179, 180, 181, 183, 184] are denied.

Dated: September 11, 2013

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court