```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
               Criminal No. 12-305(DSD/LIB)
```

United States of America,

       Plaintiff,

v.                                                       **ORDER**

James Robert Carlson(1),
Lava Marie Haugen (2),
Joseph James Gellerman(3),

       Defendants.

     This matter is before the court upon the motions for judgment of acquittal and for new trial by defendants James Robert Carlson, Lava Marie Haugen and Joseph James Gellerman. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motions.

## BACKGROUND

     The background of this matter is fully set forth in previous orders, and the court recites only those facts necessary to the disposition of the instant motions. At trial, the defendants moved for a judgment of acquittal after the government rested. The court reserved decision on the motion until after the jury returned its verdict.

     The jury found Carlson guilty of (1) conspiracy to commit offenses against the United States, (2) nine counts of causing misbranded drugs to be introduced into interstate commerce, (3) six

counts of delivery of misbranded drugs into interstate commerce, (4) doing acts resulting in drugs being misbranded, (5) distribution of a controlled substance, (6) conspiracy to distribute controlled substance analogues, (7) nine counts of distribution of controlled substance analogues and (8) twenty three counts of monetary transactions in property derived from specified unlawful activity.  ECF No. 299.  The jury found Haugen guilty of (1) conspiracy to commit offenses against the United States, (2) delivery of misbranded drugs received in interstate commerce, (3) doing acts resulting in drugs being misbranded and (4) conspiracy to distribute controlled substance analogues.  ECF No. 301.  The jury found Gellerman guilty of two misdemeanor counts of delivery of misbranded drugs into interstate commerce.  ECF No. 303.  Thereafter, defendants moved for a new trial.[1]  ECF Nos. 309, 311.  The court now addresses the motions.

## DISCUSSION

**I.   Motion for a New Trial**

Upon a motion for a new trial, the court "may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  "The court should balance the alleged errors against the record as a whole and evaluate the

---

[1] Gellerman's motion is styled as a "motion for acquittal or in the alternative motion for a new trial."  ECF No. 309.

fairness of the trial to determine whether a new trial is appropriate." United States v. Eagle, 137 F.3d 1011, 1014 (8th Cir. 1998) (citation and internal quotation marks omitted). Unless the court "ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand." United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002) (citation omitted).

Defendants first argue that a new trial is warranted based on the inclusion of Jury Instruction No. 48, which sets forth the two-part test for determining whether a substance is a controlled substance analogue. The instruction provides, in relevant part, that "if you find the government has proved beyond a reasonable doubt that the defendant knew facts that satisfy part 2 of the test above, that is evidence from which you may, but are not required to, find or infer that the defendant knew facts that satisfy part 1 of the test above." ECF No. 297, at 76. That language derives from the Seventh Circuit's opinion in United States v. Turcotte, 405 F.3d 515, 527 (7th Cir. 2005). As noted at the charge conference, though the Eighth Circuit has not yet ruled on this issue, the court finds persuasive the Seventh Circuit's analysis in Turcotte. As a result, the court finds that the inclusion of the Turcotte language was not error and does not warrant a new trial.[2]

---

[2] Further, to the extent that defendants argue that the court erred by instructing the jury that "the Schedule I or II Controlled Substance referenced in Part 2 of the test need not be the same Controlled Substance referenced in Part 1 of the test," ECF No.
(continued...)

Defendants next argue that a new trial is warranted because the court did not instruct the jury that, for the Food, Drug, and Cosmetic Act (FDCA) misbranding charges, defendants must know that the products were "misbranded" under the FDCA's legal definition of "misbranding." The jury was instructed, however, that to find the defendants guilty of the FDCA violations, defendants must have "knowledge that the product was a misbranded drug." See, e.g., ECF No. 297, at 53. Such an instruction comports with the Eighth Circuit's requirement of factual knowledge for FDCA charges. See United States v. Hiland, 909 F.2d 1114, 1129 n.21 (8th Cir. 1990) ("The court did not ... instruct the jury that the defendants had to know their actions violated particular provisions of the FDCA .... [T]here is nothing ... in the FDCA that evidences a congressional intent to create such an exception to the general rule that ignorance of the law is no excuse." (citation and internal quotation marks omitted)). As a result, the instructions relating to the FDCA misbranding charges were not error and do not warrant a new trial.

---

[2](...continued)
297, at 75, the court addressed that argument at the charge conference and found that the plain statutory language and legislative history supported the instruction. See 21 U.S.C. § 802(32)(A) (requiring for each prong that the alleged analogue be substantially similar to "*a* controlled substance in schedule I or II" (emphasis added)). As a result, the court finds that the instruction was not error and its inclusion does not warrant a new trial.

Further, defendants argue that the court improperly restricted them from introducing evidence that they believed their actions were legal based on public statements of various public officials and DEA employees. That argument, however, merely rehashes the entrapment by estoppel and mistake of law arguments that the court rejected when considering the defendants' pre-trial motions and the motions in limine. See, e.g., ECF No. 275, at 2. As a result, the preclusion of such evidence does not constitute error or warrant a new trial.

Finally, Haugen moves for a new trial based on the argument that the verdict is contrary to the weight of the evidence. The court will set aside a jury verdict on this ground only if the evidence weighs so heavily to the contrary that a miscarriage of justice may have occurred. See United States v. Ruiz, 446 F.3d 762, 768 (8th Cir. 2006). In making this determination, the court weighs the evidence and, in doing so, evaluates the credibility of the witnesses. Id. Haugen argues that there was insufficient evidence that she (1) acted with the intent to defraud a government agency sufficient for felony conviction under the FDCA and (2) had the requisite knowledge to support a conviction under the Controlled Substances Analogue Act. Following a review of the evidence the government submitted at trial and an evaluation of the credibility of the government's witnesses, the court finds that the evidence at trial well supported the verdict and no miscarriage of

justice has occurred. As a result, the motions for new trial are denied.

## II.  Motion for Acquittal

Defendants also move for a judgment of acquittal. Upon a defendant's motion, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When considering a motion for judgment of acquittal based on sufficiency of the evidence, the court views the evidence "in the light most favorable to the verdict, giving it the benefit of all reasonable inferences." United States v. Cacioppo, 460 F.3d 1012, 1021 (8th Cir. 2006) (citation and internal quotation marks omitted). The court will grant the motion "only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." Id. (citation and internal quotation marks omitted). Here, the government offered evidence that was more than sufficient to sustain each conviction. Therefore, denial of the motions for acquittal is warranted.

### CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.   The motion for acquittal by Haugen [ECF No. 292] is denied;

2.   The motion for acquittal, or in the alternative for a new trial, by Gellerman [ECF No. 309] is denied;

3.   The motion for new trial by Carlson and Haugen [ECF No. 311] is denied;

4.   The motion for acquittal by Carlson [ECF No. 333] is denied.

Dated:  December 10, 2013

                                             s/David S. Doty
                                             David S. Doty, Judge
                                             United States District Court