```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
              Criminal No. 12-305(1)(DSD/LIB)
```

United States of America,

       Plaintiff,

v.                                                          **ORDER**

James Robert Carlson,

       Defendant.

    Surya Saxena, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Marian M. Hasselbalch, Esq. and Hasselbalch Law Office, 6460 Paris Avenue, Stillwater, MN 55082, counsel for defendant.

This matter is before the court pursuant to a remand from the United States Court of Appeals for the Eighth Circuit. The limited purpose of the remand is to determine whether the time for filing a notice of appeal may be extended under Rule 4(b)(4) of the Federal Rules of Appellate Procedure.

**BACKGROUND**

On October 17, 2013, defendant James Robert Carlson was convicted of crimes relating primarily to the sale of controlled substance analogues out of his Last Place on Earth store (LPOE Property) in Duluth, Minnesota. ECF No. 299. The court sentenced Carlson on August 15, 2014, and entered a final order of forfeiture on August 22, 2014. ECF Nos. 423, 429. The final order granted

the United States "all right, title and interest" in the LPOE Property, and authorized the United States to dispose of all forfeited property "in accordance with law." ECF No. 430 §§ 4(g), 6. Carlson filed a notice of appeal from his conviction on August 22, 2014, and on August 29, 2014, recorded a Notice of Lis Pendens (Notice) with the St. Louis County Recorder. ECF Nos. 436, 472-1. On February 23, 2015, the court granted the government's motion to discharge the Notice. ECF No. 482.

On March 25, 2015, Carlson filed a notice of appeal from the court's February 2015 order. ECF No. 490. The United States moved to dismiss the second appeal in the Eighth Circuit, arguing that the notice was untimely under the fourteen-day deadline for criminal appeals. Carlson responded that the appeal was timely because it is civil in nature, or in the alternative, that an extension is warranted for good cause or excusable neglect. The court now addresses whether an extension is warranted.[1]

## DISCUSSION

"In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after ... the entry of ... the order being appealed." Fed. R. App. P. 4(b)(1)(A). "Upon a finding of excusable neglect or good cause, the district court

---

[1] Carlson also urges the court to apply the longer deadline for civil appeals and find his notice of appeal timely. That argument, however, is beyond the limited scope of the remand.

may ... extend the time to file a notice of appeal ...." <u>Id.</u> 4(b)(4). In determining whether excusable neglect or good cause exists, the court considers "the danger of prejudice to the [non-moving party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Lowry v. McDonnell Douglas Corp.</u>, 211 F.3d 457, 462 (8th Cir. 2000) (quoting <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Limited P'ship</u>, 507 U.S. 380, 395 (1993)).[2] "[T]he excuse given for the late filing must have the greatest import" and "will always be critical to the inquiry." <u>Id.</u> at 463. "Although neglect no longer needs to be beyond a party's control to be excusable, inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." <u>Id.</u> at 464 (citation and internal quotation marks omitted).

Carlson argues that it is reasonable to believe his appeal was subject to the thirty-day civil deadline under Rule 4(a), because a notice of lis pendens is a civil matter. The court disagrees. In discharging the Notice, the court acted pursuant to its authority under 21 U.S.C. § 853(g), a criminal forfeiture statute. Moreover, a criminal order of forfeiture is "an aspect of

---

[2] Although the Eighth Circuit appears to only have addressed the factors supporting good cause and excusable neglect in the civil context, other circuits apply the same analysis to criminal appeals. See <u>United States v. Clark</u>, 51 F.3d 42, 44 (5th Cir. 1995); <u>United States v. Hooper</u>, 9 F.3d 257, 259 (2d Cir. 1999).

punishment imposed following conviction of a substantive criminal offense." United States v. Shakur, 691 F.3d 979, 985 (8th Cir. 2012) (citation and internal quotation marks omitted); see also United States v. Apampa, 179 F.3d 555, 556 (7th Cir. 1999) (applying Rule 4(b) to an appeal from a forfeiture order under § 853(g), because the forfeiture "constitute[d] part of the punishment in a criminal prosecution"). It therefore cannot be said that the motion to enforce the order was "essentially a civil proceeding arising from a criminal one." United States v. Brown, 835 F.2d 176, 179 (8th Cir. 1987). As a result, Carlson's belief that Rule 4(a) applied to his appeal was not reasonable and does not support a finding of excusable neglect or good cause. See Lowry, 211 F.3d at 464 (finding no excusable neglect for "garden-variety attorney inattention"). The remaining factors do not materially weigh in favor of either party.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  An extension of the deadline to file a notice of appeal under Rule 4(b)(4) is not granted; and

2.   Consistent with the direction provided on remand, a copy of this order shall be transmitted to the United States Court of Appeals for the Eighth Circuit.

Dated:  May 18, 2015

s/David S. Doty
David S. Doty, Judge
United States District Court
