```
           UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
          Criminal No. 12-305(1) (DSD/LIB)
```

United States of America,

       Plaintiff,

v.                                            **ORDER**

James Robert Carlson,

       Defendant.

    Surya Saxena, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Deborah Ellis, Esq. 101 East Fifth Street, Suite 2626, St. Paul, Minnesota 55101, counsel for defendant.

This matter is before the court upon the motions by defendant James Robert Carlson to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and for an evidentiary hearing. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motions and denies a certificate of appealability.

**BACKGROUND**

On October 7, 2013, a jury convicted Carlson of multiple counts of violating the Food, Drug and Cosmetic Act and the Controlled Substances Analogue Act and engaging in transactions in property derived from unlawful activity. The court sentenced him to 210 months' imprisonment, and the Eighth Circuit Court of Appeals affirmed.

At trial, Carlson was represented by Randall Tigue, who previously provided legal advice to Carlson concerning his business.[1]  According to Carlson, Tigue advised him that the products he was selling were legal. Carlson I Aff. ¶ 5. Apparently aware of Tigue's previous representation of Carlson, prosecutors filed a motion in limine to preclude defendants from raising the advice-of-counsel defense during trial. See ECF No. 258 at 13-14. Carlson replied that he did not intend to raise an advice-of-counsel defense.  ECF No. 280 at 7.  Carlson now moves to vacate, set aside, or correct his sentence arguing that Tigue's failure to raise this defense was a result of a conflict of interest created by his prior representation.  Specifically, Carlson contends that Tigue did not raise the advice-of-counsel defense because that would have required im to testify to substantiate the defense, which would have precluded him from representing Carlson at trial. Carlson alleges that Tigue's financial interest in remaining as counsel caused Tigue not to raise the advice-of-counsel defense.

## DISCUSSION

### I. Standard

Generally, to establish a claim of ineffective assistance of counsel, a defendant must meet both prongs of the test set forth in

---

[1] Tigue's license to practice is indefinitely suspended. See In re Disciplinary Action Against D.B. Tigue, 900 N.W.2d 424 (Minn. 2017).

2

Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that his counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. Id. at 687. Second, he must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.

Prejudice is presumed when a defendant shows that (1) his counsel had an actual conflict of interest at trial that (2) adversely affected his counsel's performance. Covey v. United States, 377 F.3d 903, 907 (8th Cir. 2004)(citing Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)). The Eighth Circuit has not applied the Cuyler standard to attorney conflicts other than a lawyer's representation of multiple defendants. Indeed, the Eighth Circuit has noted in dicta that the Cuyler standard should be limited to instances of multiple representation. See Caban v. United States, 281 F.3d 778, 782 (8th Cir. 2002)("We believe there is much to be said in favor of holding that Cuyler's rationale ... does not apply outside the context of a conflict between codefendants or serial defendants."); see also Mickens v. Taylor, 535 U.S. 162, 174-75 (2002)("[T]he language of [Cuyler] itself does not clearly establish, or indeed even support, such expansive application [of Cuyler to other types of attorney conflicts.]"). Even assuming that Cuyler applies to the type of attorney conflict

3

alleged by Carlson, however, his claim fails.

Carlson contends that he need not show that the alleged conflict adversely affected his counsel's performance because the conflict constitutes structural error.  Courts have held that when a constitutional error has "consequences that are necessarily unquantifiable and indeterminate" it qualifies as a "structural error."  United States v. Gonzalez-Lopez, 548 U.S. 140, 150 (2006). When a defendant's conviction is affected by structural error, he does not have to meet Strickland's second prong or show that an attorney's conflict affected his performance.  See id. at 151-52. But Carlson does not cite to, and the court cannot find, a case where a court found that an attorney's conflict of interest amounted to structural error.[2]  Absent structural error, Carlson must show that the conflict of interest adversely affected his attorney's performance.  See Mickens, 535 U.S. at 168 (internal quotation marks and citation omitted)("[A] defendant must demonstrate that a conflict of interest actually affected the adequacy of his representation.").

---

[2] Carlson relies on United States v. Fulton, 5 F.3d 605 (2d Cir. 1993) in support of his argument, but the court is not persuaded.  In that case, the Second Circuit held that an attorney's participation in the defendant's crimes was a conflict of interest that amounted to a structural error.  Id. at 609-10. Here, although Carlson alleges that Tigue advised him that his business was legal, he does not allege that Tigue participated in his crimes.

4

**II. Adverse Effect**

In order to show that Tigue's alleged conflict of interest[3] adversely affected his performance, Carlson must (1) "identify a plausible alternative defensive strategy or tactic that ... defense counsel might have pursued"; (2) "show that the alternative strategy was objectively reasonable under the facts of the case"; and (3) "establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict." Covey, 377 F.3d at 908 (quoting Mickens v. Tayolor, 240 F.3d 348, 361 (4th Cir. 2001)(en banc), aff'd, 535 U.S. 162 (2002)).

Carlson argues that Tigue should have raised the advice-of-counsel defense given his earlier statements to Carlson that his sale of synthetic drugs was legal and that Tigue failed to raise this defense because of his financial interest in remaining as counsel.

In order to successfully assert an advice-of-counsel defense, a defendant must show that he: "(i) fully disclosed all materially facts to his attorney before seeking advice; and (ii) actually relied on his counsel's advice in the good faith belief that his conduct was legal." United States v. Rice, 449 F.3d 887, 897 (8th Cir. 2006). Here, Carlson only generally alleges that he shared all relevant information regarding his business with Tigue, that

---

[3] The court assumes, without deciding, that Tigue's financial interest in defending Carlson at trial constitutes an actual conflict of interest.

Tigue advised him that the synthetic cannabinoid products were legal, and that he relied on such advice. See ECF No. 527 at 5; Carlson I Aff. ¶¶ 4-6; Carlson II Aff. ¶ 6.  But Carlson does not identify what information he shared with Tigue, nor does he allege sufficient facts showing that he relied on Tigue's advice in good faith.  Indeed, his bare allegations do nothing more than recite the elements of the advice-of-counsel defense.  Carlson has therefore failed to establish that the advice-of-counsel defense was objectively reasonable.

Carlson's claims also fail under <u>Strickland</u>, because, for the reasons already stated, he cannot show his attorney's performance was deficient or prejudicial.  As a result, the court must deny Carlson's motion.

### III. Analogue Act Convictions

The advice-of-counsel defense is also inapplicable to the Analogue Act convictions for an additional reason.

The advice-of-counsel defense is a defense to crimes "in which willful action is an essential element," but it is not a defense to crimes in which the defendant need only knowingly engage in the unlawful conduct, regardless of whether he knew that the conduct was unlawful.  <u>See</u> <u>United States v. Powell</u>, 513 F.2d 1249, 1251 (8th Cir. 1975)(holding that the advice-of-counsel defense was not applicable where the defendant was a felon and knowingly possessed a firearm even though the defendant did not willfully violate the

law).

Under the Controlled Substances Analogue Act, the government "either must (1) show the defendant knew [he] was dealing with some controlled substance, regardless of whether [he] knew the identity of the substance, or (2) show that the defendant knew the specific features of the substance that make it a controlled substance analogue." United States v. Ramos, 814 F.3d 910, 916 (8th Cir. 2016)(emphasis in original)(citing McFadden v. United States, 135 S. Ct. 2298, 2302 (2015)).

At trial, the court instructed the jury according to McFadden's second method of proving knowledge. See ECF No. 297 at 75-76. The Eighth Circuit held that the court properly instructed the jury and that there was sufficient evidence for the jury to conclude "that Carlson knew that the chemical structures of the analogues he sold were substantially similar to those of scheduled controlled substances." United States v. Carlson, 810 F.3d 544, 551-52 (8th Cir. 2016). Because the convictions under the Analogue Act did not require Carlson to know that the analogues were illegal, the advice-of-counsel defense was inapplicable.

**IV. Evidentiary Hearing**

When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the

allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003)(citation and internal quotation marks omitted).  Here, no hearing is required because Carlson's claims are conclusory and he is not entitled to relief as a matter of law.

**V.  Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).  As discussed above, the court is convinced that Carlson's claims do not entitle him to relief and that reasonable jurists would not differ on the result.  A certificate of appealability is not warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence [ECF No. 527] is denied;

2. The motion for an evidentiary hearing [ECF No. 532] is denied; and

3. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 5, 2018

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court